UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
U.S.W.U. LOCAL 74 WELFARE FUND,  2013 CV. _____
by its Trustees SAL ALLADEEN and
DANIEL C. AUSTIN

                Plaintiff,   COMPLAINT

  -against-

NEIGHBORHOOD HEALTH SERVICES
CORPORATION, d/b/a THE PLAINFIELD HEALTH
CENTER, and PLAINFIELD NEIGHBORHOOD
HEALTH SERVICES CORPORATION.

                Defendants.
----------------------------------------------------------------X

Plaintiff, U.S.W.U. LOCAL 74 WELFARE FUND (hereinafter "Local 74 Welfare Fund"), by its Trustees SAL ALLADEEN and DANIEL C. AUSTIN, by its attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendants, allege the following:

### NATURE OF ACTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., and the Labor Management Relations Action of 1974 ("LMRA"), 29 U.S.C. §152 et seq., to compel defendants to make benefit fund contributions to the Local 74 Welfare Fund on behalf of their employees in accordance with the applicable law, trust agreements, and the collective bargaining agreement.

### JURISDICTION

2. Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3) (B)(ii), 502(e)(1) and 502(f) of ERISA, 29 U.S.C. Sections 1132(a) (3) (B)(ii), (e)(2) and (f).

1

## VENUE

3. Venue is proper in this district pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(1), in that the Plan is administered in the Eastern District.

## PARTIES

4. At all times relevant herein the Local 74 Welfare Fund was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen and Daniel C. Austin are Trustees of the Local 74 Welfare Fund and appear in their representative capacity.

5. At all times relevant herein, the Local 74 Welfare Fund had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

6. Upon information and belief, defendant NEIGHBORHOOD HEALTH SERVICES CORPORATION ("Neighborhood Health") was a Non Profit Corporation incorporated in the State of New Jersey with a principal place of business located at 1700-58 Myrtle Avenue, Plainfield, New Jersey 07063.

7. Upon information and belief, at various times herein, defendant Neighborhood Health conducted business under the name of THE PLAINFIELD HEALTH CENTER.

8. Upon information and belief, at all relevant times herein, defendant NEIGHBORHOOD HEALTH SERVICES CORPORATION, dba THE PLAINFIELD HEALTH CENTER, was an employer in an industry affecting commerce within the meaning of ERISA §§(3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

9. Upon information and belief, at various times herein, defendant PLAINFIELD NEIGHBORHOOD HEALTH SERVICES CORPORATION was a Non Profit Corporation from New Jersey with a principal place of business located at 1700-58 Myrtle Avenue, Plainfield, New Jersey 07063.

10. Upon information and belief, at all relevant times herein PLAINFIELD NEIGHBORHOOD HEALTH SERVICES CORPORATION was an employer in an industry affecting commerce within the meaning of ERISA §§ (3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

## AS AND FOR A FIRST CAUSE OF ACTION, PLAINTIFF ALLEGES

11. Upon information and belief, at all relevant times herein, there was in force and effect a collective bargaining agreement, including extensions thereof, by and between defendants and Local 74, United Service Workers Union, International Union of Journeymen and Allied Trades.

12. At all relevant times herein there were in force and effect a Declaration of Trust of the Local 74 Welfare Fund, a Delinquent Contribution Collection Policy, among other documents, with which defendants were required to comply by virtue of their collective bargaining agreement with Local 74.

13. Said collective bargaining agreement and extensions thereof require defendants to make timely monthly contributions to the Local 74 Welfare Fund for each employee covered thereby.

14. Despite due demand therefor, defendants have failed and refused to make all required contributions for covered employees for the months of June 2013, July 2013 and August 2013, in the principal sum of approximately $90,000.00.

15. Upon information and belief, unless ordered by this Court, defendants will continue to fail and refuse to remit proper and full monthly contributions, such that the principal sum due and owing will increase monthly.

16. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury unless defendants are ordered to specifically perform all their required obligations, and are restrained from continuing to refuse to so perform.

17. Defendants' refusal and failure to pay is a violation of the collective bargaining agreement and the Agreement of Declaration of Trust and of ERISA §515, 29 U.S.C. § 1145. Plaintiff seeks enforcement of these provisions pursuant to §502(a)(3)(B)(11) of ERISA, 29 U.S.C. §1132(a)(3)(B)(ii) and LMRA, §301(a), 29 U.S.C., §185(a). Consequently, plaintiff is entitled to judgment for past due contributions, reasonable attorney's fees, interest, liquidated damages, costs and expenses of this action as provided for by applicable provisions of the Plan documents and under §502(g) of ERISA, 29 U.S.C. § 1132(g).

WHEREFORE, plaintiff demands judgment against defendants as follows:

1. Awarding judgment in the principal amount of contributions due and owing, which as of the date hereof is approximately $90,000.00;

2. Granting plaintiff reasonable attorneys' fees, costs and expenses of this action, interest on principal from date due until paid, liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted

under Federal or State law) of the principal amount, as provided for and required pursuant to §502(g)(2) of ERISA, 29 U.S.C. §1132(g);

3. Ordering defendant to make timely contributions in the future; and

4. Such other and different relief as this Court deems just and proper.

Dated:   New York, New York
October 3, 2013

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By:   _____
ANDREW GRABOIS (AG3192)
52 Duane Street, 5th Floor
New York, NY 10007
(212) 571-7100
agrabois@odblaw.com